# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**STEVEN O. CUPP,**

    **Plaintiff,**

**v.**                                                                             **Civil Action No. 2:08cv62**
                                                                               **(Judge Maxwell)**

**RICHARD REED, DANE HEADY,**
**JOYCE FRANCIS, K. M. WHITE**
**AND HARRELL WATTS,**

    **Defendant.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* plaintiff, Steven Cupp, a federal inmate, initiated this civil rights action against the defendants on April 28, 2008. In the complaint, the plaintiff challenges the constitutionality of the Bureau of Prisons ("BOP") Inmate Financial Responsibility Program ("IFRP"). The plaintiff was granted permission to proceed as a pauper on June 18, 2008, and paid his assessed initial partial filing fee on July 10, 2008. Also before the Court is the plaintiff's Motion to Stop the Federal Bureau of Prisons from Collecting F.R.P. Payments. This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.02, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.

### II. The Complaint

In the complaint, the plaintiff challenges the way in which his IFRP payments are being calculated. Moreover, the plaintiff asserts that he is being "coerced" or "strong-armed" into participating in the program by being placed under punitive sanctions for not participating. As relief,

the plaintiff seeks the costs of this action, $500 in compensatory damages and an injunction stopping the application of the program to him and all other inmates. The plaintiff also seeks to compel the regional and central offices of the BOP to be held accountable for not fixing the problems in the program and to come up with a fair and just formula.

### III. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations

### IV. Analysis

The IFRP was enacted to assist inmates "to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. "The provisions of this rule apply to all inmates in federal facilities." Id. Fines

---

[1] Id. at 327.

2

are inmate financial obligations. 28 C.F.R. § 545.11(a)(3).

"The IFRP program serves valid penological interests and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation." Johnpoll v. Thornburgh, 898 F. 2d 849, 851 (2d Cir. 1990). Further, while an inmate's failure to comply with the IFRP can have negative consequences on him, see 28 C.F.R. § 545.11(d), compelled participation in the program is neither punitive in nature nor violates due process because it is reasonably related to the legitimate government objective of rehabilitation. Johnpoll, 898 F. 3d at 851. Thus, the IFRP has been "uniformly upheld against constitutional attack." McGhee v. Clark, 166 F. 3d 884, 886 (7th Cir. 1999).

The issues raised by the plaintiff in the instant case are no different than prior challenges to the program. Thus, because it is well-established that the BOP's inmate financial responsibility program is constitutional and that the negative consequences of not participating in the program are neither punitive nor do they violate the constitution, the plaintiff has failed to state a claim for which relief can be granted.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the plaintiff's complaint (dckt. 1) be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915A and 1915(e) for the failure to state a claim. For those same reasons, the undersigned further recommends that the plaintiff's Motion to Stop the Federal Bureau of Prisons from Collecting F.R.P. payments (dckt. 9) be **DENIED**.

Within ten (10) days after being served with a copy of this report, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which

objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: December 4, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE